983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re TEREX CORPORATION, Debtor.
TEREX CORPORATION, Plaintiff-Appellant,
v.
METROPOLITAN LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 91-3864.
 United States Court of Appeals, Sixth Circuit.
 Jan. 12, 1993.
 
 Before KENNEDY, BOYCE F. MARTIN, JR. and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Debtor, Terex Corporation, appeals the district court's judgment affirming the bankruptcy court's order directing Metropolitan Life Insurance Company to pay $498,770 to Terex in administrative expenses for unpaid post-petition insurance premiums. We AFFIRM.
 
 
 2
 In January 1981, Terex and Metropolitan entered into a group insurance contract providing various benefits for Terex's employees. Under the contract, Terex was required to pay certain monthly base premiums calculated by Metropolitan at the beginning of each policy year. At the end of each policy year, Metropolitan calculated the total amount of premiums and claims paid and the total amount of charges against the policy. Based on these figures, a number of "adjustments" were made.
 
 
 3
 If the aggregate of claims and charges exceeded the premiums paid, Terex was required to pay a "retrospective premium" up to a maximum amount specified in the contract; any amount exceeding the maximum was absorbed as an underwriting loss by Metropolitan. If, however, premiums exceeded claims and charges, a "dividend" was paid to Terex. The decision to pay (or not to pay) a dividend was within the sole discretion of Metropolitan's board of directors; accordingly, Terex had no contractual right to receive a dividend for any given year.[1]
 
 
 4
 Terex declared Chapter 11 bankruptcy at the end of 1983. Subsequently, Terex agreed to assume the insurance contract. In 1988, under the assumed agreement, Metropolitan billed Terex approximately $500,000 for unpaid post-petition retrospective premiums (for the years 1984 and 1986). Terex refused to pay the retrospective premiums because it felt that it was entitled to a $450,000 dividend for the post-petition year 1985, a dividend Metropolitan declined to pay in order to recover partially its pre-petition underwriting losses of approximately $780,000. The bankruptcy court found that Metropolitan legally withheld the 1985 dividend and ordered Terex to pay the post-petition retrospective premiums. The district court affirmed, and this appeal resulted.
 
 
 5
 For all the reasons stated in the district court's opinion, which we adopt in full as the opinion of this court, and pursuant to In re University Medical Center, 973 F.2d 1065 (3d Cir.1992) ("[a]ssumption of the executory contract requires the debtor to accept its burdens as well as permitting the debtor to profit from its benefits"), the district court's judgment, affirming the bankruptcy court's award of $498,770 in administrative expenses to Metropolitan, is AFFIRMED.
 
 
 
 [1]
 Metropolitan's board exercised its discretion by adopting a dividend formula of general application. Under this formula, dividends for a given policy year are determined in a cumulative experience basis from the date of initial issuance of the policy